IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEONARD J. MATYLEWICZ and** | : | No. 3:00cv1923 |
| **EVELYN M. MATYLEWICZ,** | : | |
| **Administrators of the Estate of** | : | (Judge Munley ) |
| **Vincent Matylewicz, and** | : | |
| **WILLIAM MEDEIROS,** | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **HAYES WHEELS** | : | |
| **INTERNATIONAL, INC.;** | : | |
| **MOTOR WHEEL CORP.;** | : | |
| **GOODYEAR TIRE & RUBBER CO.;** | : | |
| **KELSEY-HAYES COMPANY; and** | : | |
| **HAYES-LEMMERZ INTERNATIONAL;** | : | |
| **INC.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is the motion for summary judgment filed by Defendant Goodyear Tire & Rubber Co. ("Goodyear") in this products liability case. The matter has been fully briefed and argued and is thus ripe for disposition.

**Background**

On September 29, 1997, Vincent Matylewicz and William Medeiros were changing a flat tire on a Mack dump truck as part of their employment with the Pennsylvania Department of Transportation. Matylewicz had cleaned the rim, replaced an inner tube on the flat tire and inflated the assembly in a tire cage. The wheel assembly was a multi-piece rim assembly known as an "M-type wheel assembly." It contained a tire, an inner tube, a flange or side ring, a lock ring and a rim base. As Matylewicz torqued the lug nuts, the wheel assembly exploded. The explosion caused severe and serious bodily injury to both

Matylewicz and Medeiros. Matylewicz died from his injuries.

Medeiros and the Estate of Matylewicz instituted separate product liability lawsuits. We consolidated the cases. Plaintiffs assert causes of action for negligence, breach of warranty and strict products liability, alleging that the M-type multi-piece rim assembly involved in the accident was defective and unreasonably dangerous.

At the close of discovery four of the defendants, Hayes Wheels International Inc. and Hayes-Lemmerz International Inc. (jointly); Kelsey Hayes Company, and Goodyear, moved for summary judgment, bringing the case to its present posture.[1]

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332 as the plaintiffs are citizens of different states from the defendants and more than $75,000.00 is in controversy. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

---

[1] The plaintiff filed no opposition to the motions filed by Hayes Wheels International Inc. and Hayes-Lemmerz International Inc.; and Kelsey Hayes Company. At oral argument, plaintiffs indicated that they had no opposition to those motions. (Notes of Testimony of Oral Argument 8/30/05 at 3). Judgment shall therefore be granted to these defendants with no further discussion.

fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

With regard to Defendant Goodyear's motions, this case has been narrowed down to the following two issues:   1) Can Goodyear be held liable under a "failure to warn" theory? and 2) Can Goodyear be held for a design defect as a "predecessor in the chain of distribution"?  (See Notes of Testimony of Oral Argument at 21 (counsel for plaintiffs concedes that these are the only two theories of liability they seek to

pursue against Goodyear). We shall address these issues *in seriatim.*

## I. Failure to warn

Pennsylvania has adopted Section 402A of the Restatement (Second) of Torts regarding strict liability. Salvatore v. Atlantic Steel Boiler Co., 319 A.2d 903, 906 (Pa. 1974). Section 402(A) provides as follows:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer. . . Is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
> (a) the seller is engaged in the business of selling such a product, and
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

RESTATEMENT (SECOND) OF TORTS § 402A (1965).

A product may be deemed defective if it lacks adequate warnings or instructions necessary for safe use of the product. Demmler v. SmithKline Beecham Corp., 671 A.2d 1151, 1154 (Pa. Super. Ct. 1996).

Goodyear first asserts that it cannot be held liable for failure to warn because it was not the seller of the product at issue. It is uncontested that Defendant Motor Wheel was the seller/manufacture of the parts involved in the instant case. Plaintiffs claim that Goodyear can be held liable because it had an agreement with the Motor Wheel to engage in a joint warning program.[2] After a careful review, we are in agreement with the law as argued by the plaintiffs.

---

[2] Plaintiffs also seek to hold Goodyear liable under section 324A of the Restatement (Second) of Torts regarding voluntarily undertaking a duty to warn. The record, however, is devoid of any evidence that Goodyear voluntarily undertook to be the sole entity to provide warnings with regard to Motor Wheel's parts. We find that the theory of joint action is a better fit for the facts of this case. Therefore, if liability is found, it will be through the theory of joint action under Restatement (Second) section 876.

The Restatement of Torts provides that

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
>
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

RESTATEMENT (SECOND) OF TORTS § 876 (1979).

Section 876 has been recognized by the Pennsylvania courts. See, e.g., Burnside v. Abbott Lab., 505 A.2d 973, 982 (Pa. Super. Ct. 1985).

The record reveals that Defendant Motor Wheel was originally a part of Goodyear. It "spun off" of Defendant Goodyear in 1987. After this spin-off, however, the two entities undertook a "joint warning program" with 80% of the program financed by Goodyear and 20% of the program financed by Motor Wheel. (Dep. Jerald Hoover at 63 - 64). Plaintiffs expert witness, Dr. Alan Milner, opines that the Joint Warning Program was "grossly deficient and misleading because there is no reasonably safe way to service multi-piece rim assemblies, and additionally due to:

> 1. Failure to advise that, for on-highway tire size/use, such as in the subject case, there was no longer any need to use multi-piece rims since single-piece rims were available and feasible for the purpose.
> 2. Failure to warn consumers that multi-piece rims are much more dangerous than the alternative single-piece rims.
> 3. Failure to warn about the known critical danger associated with "chording" caused by excessive torque, despite focused recommendation from Goodyear's Gerbeth that there should be express warning "about excessive torque which can cause chording resulting in the loss of contact between the gutter lock and the resulting loss of contact between the gutter

>lock and the engaging rings" and, in turn, catastrophic explosion during installation when the tire servicemen was [sic] unavoidably exposed.
>
>4. Failure to warn that no inflated multi-piece rim assembly should be installed on the front turning axle of a vehicle without radially extending side ring restraints to contain exploding rim components.
>
>5. Failure to advise that M-type rim contained a design flaw which precluded the effective use of safety clamps extending over the rings (which restrain exploding rim components)
>
>6. Failure to warn that use of radial tires might contribute to the distortion of rim component(s), which could result in loss of requisite contact between rim components and subsequent explosion.
>
>7. Failure to warn that the mere occurrence of a flat tire on a stationary truck (as opposed to "run flat") might cause the distortion of rim components which could result in the loss of requisite contact between rim components and subsequent explosion.

Pl. Ex. A, report of Dr. Alan Milner

Goodyear attacks the plaintiffs' position by asserting that plaintiff has evidence establishing that by participating in the "joint warning program" Goodyear specifically undertook to provide warnings to users of rim assembly parts that Goodyear had not manufactured or sold to these plaintiffs particularly or about the alleged chording danger specifically.  Goodyear's position is that the "joint warning program" was joint in the respect that Goodyear and Motor World took part in the program.  However, Goodyear did so to warn about the parts it had manufactured in the past, and Motor World took part in the program regarding the parts it manufactured independently from Goodyear post-1987. Defendant has presented evidence to support its position.  See Reply Brief, Ex. C, D, E & F

While it is true that the evidence of the "joint warning program" provided by the plaintiffs is not necessarily conclusive, we find that it is sufficient to create a jury question as to whether Goodyear was a joint actor with Motor Wheel in providing warnings relevant to this case.  For example, plaintiff has produced evidence that at all pertinent times Goodyear paid 80% of the cost of the joint safety program

with Motor Wheel paying the remaining 20%. (Dep. Ex. 27, 40, 47 and 69). In addition, they have evidence that Goodyear ultimately determined the content and scope of the joint warning program in general. (Dep. Ex. 26, 47, 28, 66). It will be for the jury to conclude exactly what the scope of the "joint warning program" was and whether Goodyear had agreed to jointly provide warnings for the parts at issue.[3]

Next, Goodyear argues that no competent evidence has been presented to establish that the plaintiffs in this case were exposed to the material in the joint warning program. We disagree. Plaintiffs have presented evidence that they did in fact review videotapes, wall charts, and manuals of the joint warning program. See Dep. Ex. 107, Plaintiff's Appendix Supp V.C.[4]

## II. Design Defect

Plaintiffs argue that they may proceed against Goodyear based upon a design defect theory under the Restatement (Third) of Torts (hereinafter "Restatement"). Plaintiffs' argument is based upon the

---

[3] Evidently, much of the warning/safety material that was used in the joint program was that which was previously used in Goodyear's warning/safety material, such as a 1977 videotape entitled "You May Not Get a Second Chance" and the "Goodyear On-Highway Rim Safety & Service Manual."

[4] Goodyear seeks to strike the affidavit of Plaintiff Medeiros as inconsistent with his deposition testimony. We find that the jury should be the one to decide the weight, if any, it will give Medeiros' testimony in light of his deposition testimony.

Moreover, we shall assume for purposes of the summary judgment motion that any inadmissible evidence that the plaintiffs have submitted in support of their motion will be available at the time of trial in admissible form. See Williams v. Borough of West Chester, 891 F.2d 458, 466 n.12 (3d Cir. 1990) (holding that hearsay evidence may be considered on a Rule 56 motion if it may later be presented in admissible form.)

Goodyear also attacks the report of plaintiffs' expert witness Dr. Alan Milner as not being in the proper affidavit form and by arguing that his is not a competent witness to testify to the opinions to which he testifies. We overrule this objection. Plaintiffs have supplied a verification from Dr. Milner (Ex. 1, to Sur-Reply Brief), and his report demonstrates his credentials.

following excerpt of the Restatement:

> A product is defective when, at the time of sale or distribution, it contains a manufacturing defect, is defective in design, or is defective because of inadequate instructions or warnings. A product. . . :(b) is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the design renders the product not reasonably safe.

RESTATEMENT (THIRD) OF TORTS: PROD. LIAB. § 2 (1998).

Plaintiffs' position is that the term "predecessor in the commercial chain of distribution" is utilized in this section, therefore, Goodyear, Motor Wheel's predecessor in manufacturing the product at issue, can be held liable for the defective design. We disagree.

The section of the Restatement cited by the plaintiffs merely provides a definition for "defective." The title of the section indicates that it supplies "Categories of Product Defect." It does not state who can be held liable for such defects.

Under the Restatement, an entity must sell or distribute the defective product to be held liable. Section 1 of the Restatement provides as follows:

> Liability of Commercial Product Sellers Based on Product Defects
> At Time of Sale
> Topic 1. Liability Rules Applicable To Products Generally
> § 1. Liability of Commercial Seller or Distributor for Harm Caused by Defective Products
> One engaged in the business of selling or otherwise distributing products who sells or distributes a defective product is subject to liability for harm to persons or property caused by the defect.

RESTATEMENT (THIRD) OF TORTS: PROD. LIAB. § 1 (1998).

In the instant case, it is undisputed that Goodyear did not sell or distribute the product at issue.

8

Accordingly, plaintiffs' design defective claim fails.[5]

**Conclusion**

For the foregoing reasons, the summary judgment motions of Defendants Hayes-Lemmerz International, Inc., Hayes Wheels International, Inc., and Kelsey-Hayes Company will be granted. The summary judgment motion of Defendant Goodyear will be denied with respect to the failure to warn claims, and granted in all other respects. An appropriate order follows.

---

[5] Plaintiffs conceded at oral argument that they could cite to no cases that interpret this section of the Restatement in the manner which they suggest. Indeed, they could cite to no cases that dealt with the language at issue in any way.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEONARD J. MATYLEWICZ and** | : | No.   3:00cv1923 |
| **EVELYN M. MATYLEWICZ,** | : | |
| **Administrators of the Estate of** | : | (Judge Munley ) |
| **Vincent Matylewicz, and** | : | |
| **WILLIAM MEDEIROS,** | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **HAYES WHEELS** | : | |
| **INTERNATIONAL, INC.;** | : | |
| **MOTOR WHEEL CORP.;** | : | |
| **GOODYEAR TIRE & RUBBER CO.;** | : | |
| **KELSEY-HAYES COMPANY; and** | : | |
| **HAYES-LEMMERZ INTERNATIONAL;** | : | |
| **INC.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 20th day of September 2005, it is hereby **ORDERED** as follows:

1) Kelsey-Hayes Company's motion for summary judgment (Doc. 81) is **GRANTED** as unopposed;

2) Hayes Wheels International Inc. and Hayes-Lemmerz International Inc.'s motion for summary judgment (Doc. 84) is **GRANTED** as unopposed; and

3) Defendant Goodyear Tire & Rubber Co's motion for summary judgment (Doc. 87) is **DENIED** with respect to plaintiffs' failure to warn claims, and **GRANTED** in all other respects.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**